**BRUCE A. BLAKEMAN**
**County Executive**

**THOMAS A. ADAMS**
**County Attorney**

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**

August 21, 2026

**VIA PACER**
Honorable Magistrate Judge Lee G. Dunst
United States District Judge
Eastern Distrct of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Corrow v. Nassau County Correctional Center et al*
Docket No. 2:25-cv-01087-NJC-LGD

Dear Magistrate Judge Dunst,

This Office represents Defendant Nassau County Correctional Center in the above-referenced matter (hereinafter, the "County Defendant"). We write pursuant to this Honorable Court's August 5, 2026 Order directing the County Defendant to respond to Plaintiff's submission at ECF No. 57. In light of Plaintiff's subsequent filing at ECF No. 58, the County Defendant respectfully submits this letter in response to both ECF Nos. 57 and 58.

At the outset, the issues raised by Plaintiff have largely already been addressed by this Court. By Order dated July 22, 2026, the Court denied Plaintiff's motion to compel additional discovery, finding that there is no additional video footage and that Defendants do not possess the requested grand jury minutes or arraignment minutes. The Court nevertheless afforded Plaintiff an additional opportunity to pursue those materials by directing him to: (1) submit by August 14, 2026 a letter setting forth a "compelling and particularized need" for access to the grand jury minutes; and (2) provide Defendants with a formal demand for the arraignment minutes by August 14, 2026, which Defendants were then to forward to the appropriate court or records custodian.

Plaintiff did not comply with those directives in the manner ordered by the Court. With respect to the grand jury minutes, Plaintiff's submission at ECF No. 57 did not set forth a compelling and particularized need and instead generally reiterated his request for the grand jury and arraignment minutes. Plaintiff subsequently filed ECF No. 58 on August 18, 2026, after the August 14 deadline set by the Court. In that submission, Plaintiff states that he seeks the grand jury minutes to determine, among other things, whether the alleged weapon was tested for DNA, what evidence was presented, and whether certain officers testified. Plaintiff also states that his own grand jury testimony is "identical to my complaint." The County Defendant respectfully submits that these assertions do not establish the compelling and particularized need required by the Court's prior Order.

With respect to the arraignment minutes, Plaintiff did not provide the County Defendant with the formal demand contemplated by the Court's July 22, 2026 Order. Since

no such demand was provided to Defendants, the County Defendant had nothing to forward to the appropriate court or records custodian by August 21, 2026.

With respect to the alleged video footage, Plaintiff continues to raise the same issue previously addressed by the Court. In ECF No. 57, Plaintiff again requests alleged EIB and hallway camera footage and maintains that such footage exists. Plaintiff raises substantially the same allegations again in ECF No. 58. However, this Court has already denied Plaintiff's request to compel additional video footage based upon its prior determination that no such footage exists. Accordingly, the County Defendant respectfully submits that Plaintiff has not identified any new basis warranting further relief on this issue.

For these reasons, the County Defendant respectfully submits that Plaintiff's renewed requests at ECF Nos. 57 and 58 do not warrant additional discovery or further relief.

As always, we thank the Court for its time, patience, and consideration.

Respectfully submitted,

By: Mohammad A. Tahir

Mohammad A. Tahir, Esq.
Deputy County Attorney
*Attorney for County Defendants*